**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JOSEPH M. GLISSON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **JOHN B. WALLACE and** | ) | |
| **SAM STEARNS,** | ) | |
| | ) | |
| Plaintiff-Intervenors, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:99-cv-4189-JPG |
| | ) | |
| **UNITED STATES FOREST SERVICE** | ) | |
| **HURSTON A. NICHOLS,** | ) | |
| Superintendent, Shawnee National | ) | |
| Forest, and NICK GIANNETTINO, | ) | |
| District Ranger, Shawnee National | ) | |
| Forest, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **SHAWNEE TRAIL CONSERVANCY,** | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |

**MEMORANDUM AND ORDER**

**I.     Introduction and background**

This matter comes before the Court upon Defendant-Intervenor's, Shawnee Trail Conservancy's ("STC"), Motion to Dismiss Defendant-Intervenor Shawnee Trail Conservancy as a Party (Doc. 122). Judge J. Phil Gilbert referred this motion to the undersigned on July 12, 2006. (Doc. 124).

In support of its motion, STC states that it moved to intervene on September 10, 1999,

to protect its interests from the potential adverse impact of the complaint for declaratory and injunctive relief, and subsequent motion for preliminary injunction, brought by Plaintiff, Joseph M. Glisson ("Glisson"). The Court granted STC's motion to intervene on October 15, 1999.

STC states that, on February 22, 2000, the Court denied Glisson's requests for preliminary injunction and injunctive relief, but granted declaratory relief. On March 31, 2000, the Court entered a Judgment consistent with its previous Order.

On November 8, 2002, Plaintiff-Intervenors, John B. Wallace ("Wallace") and Sam Stearns ("Stearns") filed a motion for contempt and motion for preliminary injunction. (Docs. 35, 37). Wallace and Stearns alleged that the Forest Service ("the FS") and STC violated the Court's Order of February 22, 2000. On January 30, 2003, the Court allowed Wallace and Sterns to intervene, denied their motion for preliminary injunction and took their motion for contempt under advisement. On April 16, 2003, the Court denied Wallace's and Stearns' motion for contempt but granted injunctive relief against the FS to enforce the Court's February 22, 2000, Order for declaratory relief.

On July 6, 2004, Wallace filed a motion for contempt and sanctions against the FS and STC, which the Court denied on November 18, 2004. At that time, the Court set this matter for further proceedings to develop a temporary special use permit ("SUP") and to resolve the conflicts between the parties. A Report and Recommended Resolution was issued by the Court on March 1, 2005. (Doc. 92).

STC accepted the Recommended Resolution on behalf of its member campgrounds and filed its acceptance with the Court on March 16, 2005. (Doc. 93). On March 17, 2005, the Court issued an Order (Doc. 94) implementing the Recommended Resolution and ordering STC, including

its member commercial equestrian campgrounds, to sign and abide by the Court-Ordered SUPs and to agree to a revised "Outfitter/Guide Operation and Maintenance Plan." The Court-Ordered SUPs expired on March 31, 2006. The Court modified certain provisions of the SUPs and, on March 27, 2006, ordered STC's member commercial equestrian campgrounds to sign and abide by the modified SUPs on or before April 1, 2006. The modified SUPs will not expire until March 31, 2007. The FS is authorized to implement and enforce the SUPs.

STC seeks dismissal from this suit, stating that enforcement of this Court's Orders can be undertaken by the FS pursuant to its statutory authority and applicable regulations. STC also states that further negotiations concerning the terms of the SUPs can be undertaken by individual campgrounds without the assistance or intervention of STC. Finally, STC states that it does not operate an equestrian campground and has no need to obtain an SUP from the FS; therefore, STC is no longer a necessary party to this litigation.

Wallace and Stearns respond that STC's motion should be denied because STC has never operated an equestrian campground but intervened on behalf of its member equestrian campground businesses. Wallace and Stearns also assert that the Court, in its Order of February 22, 2000, warned STC that allowing it to intervene carried both potential benefits, and responsibilities and obligations that could result in contempt proceedings. (Doc. 33).

According to Wallace and Stearns, STC has continued to act on behalf of its member campgrounds throughout this litigation, accepted the Court's Recommended Resolution and filed several additional motions. Wallace and Stearns allege that STC has full knowledge that two of its member campgrounds, Cedar Lake Ranch and 34 Ranch, continue to operate with impunity and without valid SUPs. Wallace and Stearns allege that the illegal commercial use of the Shawnee

National Forest ("SNF") by STC member campgrounds is not an "unlikely event" but has been a consistent factor since before this litigation was initiated. Wallace and Stearns state that, while the FS has the authority to enforce the law in this case, it has refused to stop the illegal commercial activity.

## II.    Analysis

The FS has reported to the Court regularly regarding its efforts to implement the Court's March 17, 2005, Order. While it is clear that much progress has been made, the owners of 34 Ranch and Cedar Lake Campground continue to refuse to comply with the February, 2000, Order by signing permits. (*See* FS letter to Court, August 17, 2006). The FS has forwarded information concerning their refusal of permits and noncompliance with the Court's Order to the Department of Justice and the United States Department of Agriculture Office of the General Counsel for legal action. (*Id*.) In its most recent report, the FS advises the Court that a meeting is scheduled for October 13, 2006, to discuss litigation options. (*See* FS letter to Court, October 6, 2006). The FS believes that it has adequate information to initiate court action to enforce the permit requirement for campgrounds which refuse to comply with agency regulations and directives. (*Id.*) The FS states that it continues routine monitoring of equestrian use and that work on the revised collateral forfeiture schedule should be completed by next month. (*Id*.)

It is clear that the enforcement of this Court's Orders and the initiation of legal action against the noncompliant campgrounds lies with the FS. However, for the following reasons, the Court will not relieve STC of its responsibilities and obligations as intervenors in this action.

STC took several steps in this litigation which cause the Court to come to this conclusion. In intervening, STC held itself out as having the authority to act on behalf of its members. The

4

Court reminded and advised STC that intervention carried not only potential benefits but also responsibility and obligation to comply with Court Orders. (Doc. 33). The Court stated that it intended "to enforce its Order *against all parties* with the full and complete power and authority of this Court." (*See id*. (emphasis added)).

Furthermore, STC participated in the settlement hearings and signed Acceptance of Recommended Resolution. In the language of both the Report and Recommended Resolution and the final Order, STC accepted for "The Shawnee Trail Conservancy, including its member commercial equestrian campgrounds, . . ." (Docs. 92, 93, 94). The Court specifically ordered STC, including its member campgrounds, 1) to sign and abide by the "Court Ordered Special Use Permit" negotiated during settlement hearings and 2) to agree to the substance of the revisions to the "Outfitter/Guide Operation and Maintenance Plan." (Doc. 94). In the opinion of the Court, STC has an ongoing role in implementing these provisions, particularly since issues involving member campgrounds remain unresolved.

Lastly, if further litigation ensues, STC may again wish to act on behalf of its member campgrounds.

Accordingly, for the above-stated reasons, the Court **DENIES** Defendant-Intervenor's, Shawnee Trail Conservancy's, Motion to Dismiss Defendant-Intervenor Shawnee Trail Conservancy, as a Party (Doc. 122).

**IT IS SO ORDERED.**

**DATED this 12th day of October, 2006.**

                                           **s/Michael J. Reagan**
                                           **MICHAEL J. REAGAN**
                                           **United States District Judge**