# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOSEPH M. GLISSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| and ) | |
| ) | |
| **JOHN B. WALLACE and** ) | |
| **SAM STEARNS,** ) | |
| ) | |
| **Plaintiff-Intervenors,** ) | |
| ) | |
| v. ) | **Civil Action No. 3:99-cv-4189-JPG** |
| ) | |
| **UNITED STATES FOREST SERVICE,** ) | |
| **HURSTON A. NICHOLS,** ) | |
| Superintendent, Shawnee National ) | |
| Forest, and NICK GIANNETTINO, ) | |
| District Ranger, Shawnee National ) | |
| Forest, ) | |
| ) | |
| **Defendants,** ) | |
| ) | |
| and ) | |
| ) | |
| **SHAWNEE TRAIL CONSERVANCY,** ) | |
| ) | |
| **Defendant-Intervenor.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Before the Court is Defendant-Intervenor, Shawnee Trail Conservancy's Motion for Attorneys' Fees (Doc. 132). Shawnee Trail Conservancy ("STC") moves the Court to award attorneys' fees on its behalf and against Plaintiff Joseph M. Glisson ("Glisson") and Plaintiff-

Intervenors John B. Wallace ("Wallace") and Sam Stearns ("Stearns")[1].

STC asserts that Wallace's and Stearns' motion for contempt and sanctions was filed in bad faith, vexatiously and for oppressive reasons and that STC has incurred substantial attorneys' fees preparing a response thereto. STC states that, not only is Wallace's and Stearns' motion factually inaccurate and legally deficient, but also they waived their right "to appeal a Court order implementing the resolution or to administratively or judicially challenge the implementation of that resolution." (Doc. 95).

Wallace and Stearns respond that their previous motions for contempt and sanctions have resulted in the resolution of many issues that would not have come to light had they not filed these motions. They assert that, in spite of the Court's Order of February, 2000, two of the largest campgrounds providing equestrian outfitting and guiding services on the Shawnee National Forest ("SNF") continue to have unfettered access to the Forest without special use permits ("SUPs"). Wallace and Stearns state that the Court's March 17, 2005 Resolution does not encompass all of the declaratory relief for the SNF set forth in the February, 2000 Order, and that they are attempting to enforce those parts of the Order that were not subject to their waiver. They allege that the noncompliant campgrounds are members and/or supporters of STC and that STC has actively represented the campgrounds. Finally, Wallace and Stearns contend that STC was not dragged into this litigation or forced to incur unwarranted expenses associated with this litigation. They state that STC chose to intervene on behalf of their member campgrounds "to protect their interests" and, thus, should bear all costs and obligations of the litigation, including enforcement proceedings against noncompliant campgrounds.

---

[1] The Court notes that the motion for contempt and for sanctions at issue was filed by Plaintiff-Intervenors Wallace and Stearns and not by Plaintiff Glisson. For the sake of both accuracy and simplicity, the Court will consider STC's motion as to Wallace and Stearns only.

STC seeks attorneys' fees under the inherent power of the Court. A sanction in the form of attorneys' fees under the inherent power of the Court is appropriate only where the party "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." ***Corley v. Rosewood Care Center, Inc.* 142 F.3d 1041, 1058 (7th Cir. 1998) (*quoting* Chambers v. NASCO, Inc., 501 U.S. 32, 45-46, 111 S.Ct. 2123, 2133 (1991)**. While Wallace's and Stearns' motion for contempt and sanctions was unsuccessful, the Court finds no improper motive in their bringing the motion. STC offers no evidence that the motion was brought to vex or harass STC rather than to win. ***Miller Brewing Co. v. Brewery Workers Local Union No. 9, AFL-CIO*, 739 F.2d 1159, 1167 (7th Cir.1984) ("suit or defense . . . brought in bad faith - brought to harass rather than to win")**. Wallace's and Stearns' position is not so devoid of arguable merit as to warrant sanctions.

Accordingly, the Court **DENIES** Defendant-Intervenor, Shawnee Trail Conservancy's Motion for Attorneys' Fees (Doc. 132).

**IT IS SO ORDERED.**

**DATED this 11th day of December, 2006.**

                                              **s/Michael J. Reagan**
                                              **MICHAEL J. REAGAN**
                                              **United States District Judge**