IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH M. GLISSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| and | ) |
| | ) |
| JOHN B. WALLACE and | ) |
| SAM STEARNS, | ) |
| | ) |
| Plaintiff-Intervenors, | ) |
| | ) |
| v. | )   Civil Action No. 3:99-cv-4189-JPG |
| | ) |
| UNITED STATES FOREST SERVICE, | ) |
| HURSTON A. NICHOLS, | ) |
| Superintendent, Shawnee National | ) |
| Forest, and NICK GIANNETTINO, | ) |
| District Ranger, Shawnee National | ) |
| Forest, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| SHAWNEE TRAIL CONSERVANCY, | ) |
| | ) |
| Defendant-Intervenor. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Before the Court is Plaintiff-Intervenors' Motion to Reconsider (Doc. 149). Plaintiff-intervenors ("Plaintiffs"), John B. Wallace and Sam Stearns, move the Court to reconsider its Order of December 11, 2006, denying Plaintiffs' Motion for Contempt and for Sanctions.

Although technically a "motion to reconsider" does not exist under the **FEDERAL**

1

**RULES OF CIVIL PROCEDURE**, the Seventh Circuit has held that motions challenging the merits of district court orders and judgments should be treated as filed under either Rule 59(e) or Rule 60(b). *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). A bright-line test determines which Rule governs. If the motion to reconsider was filed within ten days of entry of the challenged judgment or order, Rule 59(e) applies. But if the motion to reconsider was filed *more than* ten days after entry of the challenged judgment or order, Rule 60(b) applies. *See Britton v. Swift Transp. Co., Inc.*, 127 F.3d 616, 618 (7th Cir. 1997); *Russell v. Delco Remy Division of General Motors Corp.*, 51 F.3d 746, 750 (7th Cir. 1995); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992).[1]

Here, Plaintiffs' motion was filed more than ten days after entry of the Court's December 11, 2006 Order, so Rule 60(b) governs. Rule 60(b) permits a district court to relieve a party from an order or judgment on the following narrow grounds: mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or "any other reason justifying relief" from operation of the judgment or order.

A Rule 60(b) motion cannot be used to correct simple legal errors. "Rather, it exists to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" *Cash v. Illinois Div. of Mental Health*, 209 F.3d 695, 698 (7th Cir. 2000). The Seventh Circuit has emphasized that Rule 60(b) imposes an "exacting standard" under which the movant must demonstrate exceptional circumstances to prevail. *See Romo v. Gulf Stream Coach*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001).

---

[1] This Court follows **FEDERAL RULE OF CIVIL PROCEDURE 6(a)** in calculating the ten-day period (*i.e.*, counting the ten days to exclude weekends and holidays).

Plaintiffs contend that the Court erred in finding that they had waived their right to challenge judicially the implementation of the Court's Order of February 22, 2000, and Judgment of March 31, 2000. They assert that the Court's Order did not include 34 Ranch and Cedar Lake Ranch which do not use the Lusk Creek Wilderness Area and are, therefore, "outside the scope of [the 2005 Resolution]."

First, it appears to the undersigned that the Report and Recommended Resolution and the Order implementing that Resolution embodied a comprehensive resolution to this conflict. The Court's intent was clearly to regulate all commercial equestrian campgrounds with access to the Wilderness. Therefore, as stated in the Court's December, 2006 Order, Plaintiffs' motion failed because they had freely and voluntarily waived their right to challenge the implementation of that Resolution.

Second, under the standard set forth by the Seventh Circuit in ***Goluba v. School District of Ripon*, 45 F.3d 1035 (7th Cir. 1989)**, in order to prevail on a motion for civil contempt, Plaintiffs must prove, by clear and convincing evidence, that the opposing party violated a court order. **45 F.3d at 1037**. The Forest Service continues to provide the Court with regular updates on progress in the Forest. In its memorandum in opposition to Plaintiffs' motion, the Forest Service states that Cedar Lake Ranch signed a permit in January, 2006, and that permit litigation against 34 Ranch is pending. The Court finds no reason to believe that it erred in finding that the Forest Service has been reasonably diligent and energetic in implementing the terms of the Court's Orders.

Plaintiffs have demonstrated no special circumstances to justify an extraordinary remedy here, and, accordingly, the Court **DENIES** their motion to reconsider (Doc. 149).

**IT IS SO ORDERED.**

**DATED this 3rd day of April, 2007**

          **s/Michael J. Reagan**
          **MICHAEL J. REAGAN**
          **United States District Judge**